S. LANE TUCKER
United States Attorney

ADAM ALEXANDER
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: adam.alexander@usdoj.gov

RACHEL L. ROTHBERG
Trial Attorney, Department of Justice
Child Exploitation and Obscenity Section
1301 New York Ave NW, 11th Fl
Washington, DC 20530
Email: rachel.rothberg@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>BENJAMIN ROUNDY,<br><br>        Defendant. | No. 3:23-cr-00077-TMB-MMS |

This document addenda sets forth completely the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

**PLEA AGREEMENT**

## 1. Summary of Agreement

The defendant agrees to plead guilty to the following count of the Indictment in this case:

Count 2: 18 U.S.C. § 2422(b) (Attempted Coercion and Enticement of a Minor). The United States agrees not to criminally prosecute the defendant further for any other offense related to the events that resulted in the charges contained in the Indictment. Following imposition of sentence, the United States will move to dismiss the remaining counts of the Indictment as they relate to the defendant.

The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

## 2. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## 3. Charges, Elements, Penalties, and Other Matters Affecting Sentence

### 3.1. Charges of Conviction

The defendant agrees to plead guilty to the following count of the Indictment:

Count 2: Attempted Coercion and Enticement of a Minor, a violation of 18 U.S.C. § 2422(b)

## 3.2. Elements of the Charged Offenses

The elements of the charge in Count 2 to which the defendant is pleading guilty are as follows:

1. Between on or about July 7, 2023 and on or about Friday, August 4, 2023, within the District of Alaska, the defendant used the mail or any means or facility of interstate or foreign commerce, to knowingly attempt to induce, entice, or coerce an individual to engage in any sexual activity for which any person can be charged with a criminal offense, to wit: Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2427; and Sexual Abuse of a Minor in the Second Degree, in violation of Alaska Stat. §11.41.436(a)(1); and

2. The defendant believed that the individual he attempted to induce, entice, or coerce was under the age of 18; and

3. If the sexual activity had occurred, any person could have been charged with a criminal offense under the laws of the United States and the State of Alaska, to wit: Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2427; and Sexual Abuse of a Minor in the Second Degree, in violation of Alaska Stat. §11.41.436(a)(1); and

4. The defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

### 3.3. Statutory Penalties

The maximum and minimum penalties applicable to the charge of conviction are as follows:

Count 2: 18 U.S.C. § 2422(b) (Coercion and Enticement of a Minor)

1. From ten years to life imprisonment;
2. Five years to a life term of supervised release;
3. A maximum $250,000 fine;
4. Mandatory $5,000 JTVA assessment; and
5. $100 special assessment.

### 3.4. Other Matters Affecting Sentence

#### 3.4.1. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence:

1. Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date.
2. Upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release.

### 3.4.2. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. A defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, may be denied citizenship, and may not be permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including denaturalization and removal from the United States.

### 3.5. Sex Offender Registration

The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that, independent of this condition of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he must keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with any and all requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state

penalties for failure to comply with any such sex offender registration requirements. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, the defendant shall initially register with the state sex offender registration in the state of release and shall also register with the state sex offender registration agency in any other state where defendant resides, is employed, works, or is a student, as directed by his probation officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the U.S. Probation Office within 72 hours of release from imprisonment.

### 3.6. Restitution

The parties have no agreement on restitution. However, the defendant agrees that his conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims affected by this offense, including, but not limited to, the victims covered in the factual basis, victims covered in those counts to be dismissed as part of the plea agreement pursuant to 18 U.S.C. § 3663A(a)(3), and other persons victimized as a result of the defendant's conduct for the offenses charged in the Indictment.

### 3.7. Voluntary Abandonment

Personal property to be voluntarily abandoned under this agreement include the following items: All items seized by law enforcement as evidence in this matter.

The defendant warrants that he had sole possession and ownership of the property

referenced above, and that there are no claims to, or liens or encumbrances on the property referenced above. The defendant will take all steps as requested by the United States to pass clear title to the property, including but not limited to, executing documents, and testifying truthfully in any legal proceeding. The defendant agrees to forever abandon and disclaim any right, title, and interest that he may have in the property described above, and warrant to the Court free, clear and unencumbered title to the aforementioned property.

**4. Factual Basis**

The defendant admits the truth of the allegations in the Indictment and agrees that the following facts are true:

In or about July 2017, the defendant knowingly uploaded to a Vid.me account five videos depicting child pornography. The titles of these videos described their content, including "5yo boy anal", "15yo [. . .] and 14yo friend jerk each other", and "10yo show".

In July 2023, the defendant began communicating online with a law enforcement agent acting in an undercover capacity as a 13-year-old female (MINOR). The MINOR made a post in a public group chat on an internet-based application. The post stated "Stuck at my dad's for the summer. So bored…" The defendant responded directly to the MINOR in a private chat, and the MINOR disclosed her age and that she was living with her father in Anchorage, Alaska. Later in July, the defendant and the MINOR moved from the internet-based application to internet-based texting.

Between July 7 and August 4, 2023, the defendant and the MINOR discussed multiple topics, including explicit direction by the defendant for the MINOR to send sexually explicit content, meeting each other in-person, and what sexual interactions would

occur if an in-person meet occurred. On July 17, 2023, the defendant wrote, "I've actually always wanted to have sex with someone your age." The next day, the defendant told the MINOR exactly what he would do to her, including:

> I would begin to rub your pussy gently, kissing you, and I'd keep going until you were good and wet. Then, I'd take your bra off you, and suck your right nipple, followed by your left while slipping my hand into your panties. I'd rub your clitoris for a bit, then when it felt right, I'd slowly ease a finger in.
>
> I'd rub your sweet spot for a bit, then strip to my underwear, and pull yours off of you. I'd carefully spread your legs, kneel between them, then go down on you. I'd start easy, moving my tongue around, and just slightly in you. I'd probably softly squeeze your breasts while I was eating you.
>
> I would listen to your breathing to know how pleasurable it was. I would lick you until you had an orgasm. Then, I'd roll onto my back, and let you take my underwear off of me. You would straddle me, sitting on my stomach at first, and bend over and kiss me a while while I rubbed your back, sides, and ass.
>
> When you felt ready, you would slide back a bit, then slowly lower yourself onto my dick.

On August 3, 2023, the defendant again explains what would happen if they met—including getting the MINOR in the shower. The defendant asked, "Would you WANT to lose your virginity?" The defendant continued to ask the MINOR for photos. Specifically, he stated, "will you send one last pic today before your dad gets home?" The MINOR replies, "IDK of what?" and the defendant said, "It would be really hot if you put your hand on your private and took a picture of that. So that your hand is covering it." The MINOR replied, "But u still.mihht [sic] see some." The defendant replied, "It's ok" and further told the MINOR, "Just cover your vagina with your hand and take a picture of your waist and upper legs. Oh, the anticipation…" When the MINOR replied, "I tried but u would see me

naked," the defendant responded, "That's ok I promise I'll love it." The same day, the defendant discussed meeting with MINOR and asked what street she lived on.

The following day, on Friday, August 4, 2023, the defendant again messaged the MINOR about meeting in person. The defendant requested that they meet at the Carr's Grocery store off Muldoon at 2:00pm, and the defendant drove around the area the MINOR had provided as her area of residence the day before. The defendant stopped at Fred Meyer to purchase personal lubricant, a hat, and a t-shirt. He then spent time cleaning out his truck at Fred Meyer before changing into the t-shirt and hat he obtained with the lubricant.

Later that day, the defendant and the MINOR continued to communicate. The MINOR told the defendant she was going to walk home from her friend's house. The defendant asked where her friend lived. Shortly after receiving the text from the MINOR with the reference to her friend's fictional address, the defendant left his own home. The defendant parked his vehicle in the area of Boniface Parkway and texted the MINOR, "Where are you right now?" and instructed her "Walk to Boniface, and turn right." He then told the MINOR, "tell me when you're on Boniface."

When the MINOR did not respond, the defendant drove to a parking lot from where he could see the street of the MINOR's fictitious friend. The defendant was arrested there and, in his vehicle, a new and unopened bottle of personal lubricant was located, in addition to condoms.

This course of conduct constituted a substantial step that strongly corroborated the defendant's intent to commit the crime of coercion and enticement of a minor. Moreover, in the course of committing the offense, the defendant did in fact use his cellular telephone

and messaging applications, both means and instrumentalities of interstate commerce, to arrange a meeting with the MINOR for the purpose of engaging in unlawful sexual activity. He further used his cellular telephone and messaging applications to attempt to produce a visual depiction of sexually explicit conduct involving the MINOR. At the time he did so, the defendant was aware that the MINOR was under the age of 18.

Additionally, following the defendant's arrest, a review of the defendant's devices revealed over 5,500 video and image files depicting child pornography.

The parties agree that the Court may rely upon this statement to determine whether there is a factual basis to support the guilty plea, to determine the relevant conduct applicable for purposes of the United States Sentencing Guidelines, and to evaluate the proper sentence under the criteria set forth in 18 U.S.C. § 3553(a).

## 5. The United States Sentencing Guidelines, Guideline Application Agreements, and Sentencing Recommendations

### 5.1. Advisory U.S. Sentencing Guidelines

The defendant acknowledges that the Court will consult the advisory United States Sentencing Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The Guidelines do not establish the statutory maximum or minimum sentence applicable to the offense to which the defendant is pleading guilty. The Guidelines are not mandatory and the Court is not bound to impose a sentence recommended by the Guidelines.

### 5.2. Guideline Application Agreements

All agreements regarding Guidelines applications are set out in this section.

### 5.2.1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two-level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1 or has acted in a manner inconsistent with acceptance of responsibility—including by inappropriately seeking to delay sentencing—the United States will not make or, if already made will withdraw, this recommendation and motion.

### 5.3. Sentencing Recommendations

The United States Probation Office will prepare the defendant's presentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the Guidelines calculation in the presentence report, and to present evidence in support of their respective sentencing arguments.

Except as set forth in this agreement, the parties are otherwise free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on any relevant criteria, including the stipulated facts set forth in Section 4, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory Sentencing Guidelines and the sentencing factors set forth in 18 U.S.C. § 3553.

The defendant acknowledges that the United States is obligated to provide the Court with truthful and relevant information that may inform the sentencing decision, and that he shall not be entitled to rescission of this agreement as long as the United States does, in fact, recommend a sentence that is not inconsistent with this agreement.

## 6. Additional Agreements by the United States

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not criminally prosecute the defendant further for any other offense now known arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth above.

However, if the defendant's guilty plea or sentence is rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case notwithstanding any term of this agreement, to include any charges dismissed thereof. The United States shall be entitled to the automatic reinstatement of any such dismissed charges. As an express term of this agreement, the defendant hereby agrees that to waive any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## 7. Additional Agreements by the Defendant

### 7.1. Waiver of Trial Rights

By entering into this agreement, the defendant intentionally and voluntarily waives

the following trial rights:

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;
- The right to object to the composition of the grand or trial jury;
- The right to plead not guilty or to persist in that plea if it has already been made;
- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;
- The right to be represented by counsel at trial and if necessary to have counsel appointed at public expense to represent the defendant at trial;
- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;
- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and
- The right to contest the validity of any searches conducted on the defendant's property or person.

### 7.2. Waiver of Appellate Rights

The defendant waives the right to appeal any conviction for any of the charges set forth in this agreement. The defendant further waives the right to appeal any sentence

imposed pursuant to this agreement, except on the grounds that the sentence exceeds the maximum term authorized by statute. The defendant understands that this waiver includes, but is not limited to, the length of any term of imprisonment; forfeiture (if applicable); length, terms, or conditions of probation or supervised release (if applicable); any fines or restitution; and any and all constitutional or legal challenges to any conviction or guilty plea, including arguments that any statute which defendant is charged with violating pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support a plea of guilty.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement.

### 7.3. Waiver of Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack any conviction or sentence imposed pursuant to plea agreement, or any portion thereof, including the length of any term of imprisonment; forfeiture (if applicable); length, terms, or conditions of probation or supervised release (if applicable); any fines or restitution; and any and all constitutional or legal challenges to any conviction or guilty plea. The only exceptions to this collateral attack waiver are: a challenge to the conviction or sentence alleging ineffective assistance of counsel, based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; or a challenge to the voluntariness of the defendant's guilty plea. The scope of this waiver applies to a collateral attack brought in any procedural vehicle, including but not limited to a challenge brought pursuant to 28 U.S.C. §§ 2241 or

§ 2255. The filing of such a challenge shall constitute a material breach of this agreement.

### 7.4. Waiver of Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement. The defendant agrees that the statements made in signing this agreement shall be deemed usable and admissible in any subsequent proceeding, regardless of whether the plea agreement or any other portion thereof is subsequently withdrawn or rescinded. The foregoing provision acts as a modification and express waiver of the provisions of Fed. R. of Evid. 410 and Fed. R. Crim. P. 11(f), and is effective upon the defendant's in-court admission to the factual basis. This provision applies regardless of whether the Court accepts this plea agreement.

### 7.5. Consent to Plea Before Magistrate Judge

The defendant has the right to enter a plea before a United States District Judge. The defendant, defense counsel, and the attorney for the Government consent to have the defendant's plea taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the plea of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections (if any) to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case.

### 7.6. Agreement to be Sentenced Within 120 days of Entering a Plea

The defendant agrees to be sentenced within 120 days of appearing before the Court

to enter a guilty plea. The defendant acknowledges that if he seeks to delay sentencing past that time without the prior consent of the United States, this conduct will be considered inconsistent with acceptance of responsibility and will forfeit any entitlement to a Guidelines reduction for acceptance of responsibility. The United States acknowledges that a delay beyond 120 days in sentencing attributable to the Court, the government, or other factors beyond the defendant's control will not be considered inconsistent with acceptance of responsibility.

### 7.7. Release or Detention Pending Sentencing

The defendant agrees that he will remand into custody on the day that he agrees in court to the factual basis supporting the plea. The defendant further agrees not to seek release at any time between that appearance in Court date of the guilty plea imposition of sentence.

### 7.8. Payment of Monetary Penalties and Cooperation with Financial Investigation

The defendant agrees that any monetary penalties imposed (including any fine, forfeiture, restitution, or assessment) will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 upon entry of judgment. The defendant acknowledges that any monetary penalties or forfeiture money judgment will be submitted to the Treasury Offset Program so that payments to the defendant may be applied to federal debts.

Within 30 days of the entry of the guilty plea in court, the defendant agrees to truthfully complete under penalty of perjury a financial statement provided by the United States Attorney's Office, and to update the statement within 7 days of any material change.

The defendant further agrees to make full disclosure of all current and projected assets to the U.S. Probation Office before imposition of sentence and again before termination of supervised release or probation, such disclosures to be shared with the United States Attorney's Office.

**7.9. Breach and Other Circumstances Entitling the Government to Relief**

The defendant acknowledges that, if the United States demonstrates by a preponderance of the evidence that he has failed in any material way to perform any obligation set out in this agreement, the United States is entitled, at its option, to recission of this agreement. This entitlement supplements, and does not replace, any other form of relief that the United States might be entitled to in the event of a breach, to include any other specific remedy set out under the terms of this plea agreement. The defendant acknowledges if the plea agreement is rescinded, the defendant's admission to the factual basis will be admissible against the defendant as specific in Section 7.4 of this agreement.

**8. The Parties' Acceptance of this Agreement**

I, Benjamin Roundy, the defendant in this case, affirm this document contains all of the agreements made between me (with the assistance of my attorney) and the United States regarding my guilty plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my

case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I appear to enter my plea.

I enter into this agreement voluntarily, with the intent to be bound, and with a full understanding that the concessions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill my obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand and agree that the government's burden to prove a breach will be by a preponderance of the evidence.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter a guilty plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charges contained in the

Indictment. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the Guidelines may have on my sentence. However, I understand that my attorney cannot guarantee any particular sentence except as set out herein, and I expressly acknowledge that my decision to plead guilty is not based on a belief that I am certain to receive a particular sentence that is not set out in this agreement.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Attempted Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), as charged in Count 2 of the Indictment.

DATED: 4/8/2024

*Benjamin Roundy*
BENJAMIN ROUNDY
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charges to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 04/08/2024

ASSISTANT FEDERAL DEFENDER
SAMUEL LEE EILERS
Attorney for Benjamin Roundy

On behalf of the United States, I accept the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 4/10/24

S. LANE TUCKER
United States Attorney

ADAM ALEXANDER
Assistant United States Attorney
RACHEL L. ROTHBERG
Trial Attorney
United States of America